CARLE B. STANLEY AND ALYS M. STANLEY, HIS
WIFE, APPELLANTS, v. NICK LIMBERYS AND
MARCIA LIMBERYS, HIS WIFE, RESPONDENTS.

No. 4055

April 8, 1958.                                         323 P.2d 925.

*Ernest S. Brown* and *William L. Hammersmith,* of
Reno, for Appellants.

*Sidney W. Robinson,* of Reno, for Respondents.

## O P I N I O N

By the Court, EATHER, J.:

This is an appeal from judgment granting rescission of a contract for sale of real property and cancelling the instruments of conveyance. The action was brought by the purchasers upon the ground of fraudulent misrepresentations of fact.

The court below sat without jury. In granting judgment it found fraud to exist. Upon this appeal the grantors as appellants contend that the record does not support the finding of fraud and further contend that the purchasers as plaintiffs did not sufficiently establish

the nature of the benefits received by them in order that restoration of those benefits might be required as a condition of rescission.

The property involved is an apartment house known as the Stewart Apartments located on Washington Street in the city of Reno. At the time of the sale, July 15, 1953, it was being operated by appellants under a business license issued by the city of Reno. Following sale, the purchasers sought a city license and were refused upon the ground that the building did not meet the requirements of the city's building code. The misrepresentation upon which the purchasers relied was to the effect that the building was "OK with the city."

Appellants first contend that this was no misrepresentation; that the record demonstrates that, so far as they knew, it was true. They point out that they had a city license and that the facts established by the record gave them no cause to believe that the purchasers could not also secure a license.

The record discloses that in many respects the building failed to meet code requirements; that it was the opinion of the city engineer that a license could not be issued under the circumstances without disregarding the city ordinances; that such had been his opinion in 1949 and that opinion had then been expressed by him in a letter to the city council reporting on conditions of the building and pointing out the respects in which it failed to conform to code requirements; that a copy of that letter had been sent to the appellants.

Under these circumstances the trial court was justified in finding that the fact that a license had been issued to appellants did not demonstrate that the building was "OK with the city," since the license was issued in disregard of code requirements.

Appellants contend that this is in effect charging them with fraud by concealment rather than by misrepresentation and that the circumstances of this case did not place upon them any duty to disclose the building's status in relation to the city codes. See Villalon v. Bowen, 70 Nev. 456, 273 P.2d 409. Under the circumstances of

this case, however, to represent that the building was "OK with the city" was an affirmative misrepresentation of fact. Since appellants had knowledge that their license was issued in disregard of code requirements, the trial court was justified in concluding that the misrepresentation was not an innocent one.

Appellants next contend that the purchasers cannot claim to have placed reliance upon this representation for the reason that the record demonstrates that they conducted their own investigation of the premises. The record shows that on several occasions the purchasers personally inspected the apartment house, spending a total of about two hours in the process. The nature of the inspection is not described in any detail, but it can hardly be contended that in the time spent and without professional assistance the purchasers were relying upon their own inspection as to questions of structural sufficiency. In Freeman v. Soukup, 70 Nev. 198, 209, 265 P.2d 207, 212, this court, in considering the same contention, quoted from Carpenter v. Hamilton, 18 Cal.App.2d 69, 62 P.2d 1397, 1399, as follows: "If it fairly appears from the evidence that the buyer undertook to investigate for himself the *matters as to which representations had been made,* he cannot be allowed to later claim that he acted upon the representations, even though he voluntarily abandoned his investigation before it was complete." (Emphasis supplied.) We do not feel that the rule applies to the case at bar. By inspecting the premises the purchasers cannot be held to have satisfied themselves that the structural condition of the building was such as to meet the city requirements.

We conclude that the record supports the trial court's determination that the purchasers relied to their detriment upon fraudulent misrepresentations made by the appellants and upon this ground are entitled to rescission. To this extent the judgment must be affirmed.

The right to rescission, however, is not an unconditional one. Under the maxim that "he who seeks equity

must do equity" the plaintiff, seeking rescission, must restore the defendant to the position he occupied before the transaction in question. Such restoration entails the restoration of all benefits and profits which the plaintiff may have realized from the transaction.

Appellant here contends that the purchasers were in occupation of the apartment house for a period of over a year; that they were operating it as a business property during that period of time; that they have made no accounting of profits realized from this operation.

The trial court made a finding upon this issue to the effect that "plaintiffs during their use and occupancy of the real and personal property herein referred to have received a net profit therefrom to the extent of $317.62 a month from July 15, 1953 to date hereof." This finding is not supported by any proof for there is no testimony whatsoever as to the sums received by the plaintiffs from their operation of the property. From the court's opinion it is apparent that this finding was based upon testimony of appellants as to the net profits *they* had realized during *their* period of occupancy. The sum of $317.62 a month was the highest net profit *they* had received. The trial court stated, "the court will assume for the purposes of an equitable settlement of this matter, that plaintiffs would not receive any lesser net profit than the highest net profit received from said business by the defendants."

This may well have been an equitable manner of arriving at a fair sum in absence of proof. It does not meet the issue of profits actually realized, however. An inference as to one man's profit can hardly be drawn from proof as to another's, especially in absence of proof that there was similarity in matters of expense and maintenance.

We conclude that the court finding is without support. A finding upon this issue is essential to equitable disposition of the case, however, and to this end a new trial is necessary.

Respondents contend that appellants cannot complain that an accounting was not had since no accounting was

sought by them in their pleadings or in the examination of witnesses during trial. The record shows that in response to a request by counsel for appellants, counsel for respondents agreed to bring in figures on profits as shown by respondent's books. Neither side followed up on this stipulation. Respondents contend that by appellants' failure to follow up they have waived any right to demand an accounting at this time.

This, however, is misplacing the burden of establishing profits. In making proof of restoration or the extent of the obligation to restore, the burden is upon the plaintiff, since the right to rescission is conditioned upon such restoration. This burden cannot be said to have been shifted to the defendant until a prima facie case of restoration has been made out by the plaintiff. Until proof of profits was offered by respondents it cannot be said that a prima facie case was made out by them in the trial below. This was business property, operated by respondents for the express purpose of making a profit. It is to be assumed that a profit was made. A prima facie case of restoration demands that the question of profits be dealt with under these circumstances.

Upon its determination that respondents are entitled to rescission, judgment of the trial court is affirmed. Upon the issue of benefits and profits which equity requires be restored as a condition to rescission, the judgment is reversed and remanded for a new trial limited to such issues. No costs are awarded.

BADT, C. J., and MERRILL, J., concur.